**FILED**

SEP - 2 2009

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Roderick Williams, )
)
        Plaintiff, )
)
v. )   Civil Action No. **09 1672**
)
)
The Department of Justice *et al.*, )
)
        Defendants. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the case pursuant to 28 U.S.C. § 1915A(b)(2). Under that statute, the Court is required to screen a prisoner's complaint and dismiss it if, among other grounds, the complaint fails to state a claim upon which relief can be granted.

Plaintiff, a prisoner confined at the Federal Correctional Institution Victorville in Adelanto, California, sues Attorney General Eric Holder and the United States for alleged misconduct by Department of Justice employees, including the assistant United States attorneys ("AUSAs") involved in his criminal prosecution in the District of Alaska. Plaintiff alleges, among other misdeeds, that the AUSAs presented false and misleading evidence to the grand jury to secure an indictment and withheld exculpatory evidence. He seeks monetary damages exceeding $1.2 million and injunctive relief.

Because plaintiff's success on the merits of the complaint would necessarily invalidate his conviction, plaintiff cannot recover monetary damages without first establishing that his



5

conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not made such a showing here. In addition, "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [] an action" for injunctive and declaratory relief because he has an available remedy under 28 U.S.C. § 2255. *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988)); *see LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (district court lacked subject matter jurisdiction over a declaratory judgment action where *habeas corpus* remedy was available in the location of plaintiff's custodian). A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: August 28, 2009